UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MONZER AL KASSAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-55-LJM-WGH |
| ) | |
| LEANN LARIVA, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998). This is an appropriate case for such a disposition. This conclusion rests on the following facts and circumstances:

1.  Petitioner Kassar was convicted with others in the United States District Court for the Southern District of New York of conspiring to kill United States officers, to acquire and export anti-aircraft missiles, and to knowingly provide material support to a terrorist organization. *See United States v. Al Kassar*, 660 F.3d 108 (2d Cir. 2011).

2.  A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal

prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). A petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

3. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611.

4. Kassar followed the customary path. After his direct appeal, he filed a collateral challenge pursuant to § 2255(a). The trial court denied that relief, rejecting Kassar's claims that he was denied the effective assistance of counsel and that there had been juror misconduct in considering information not found in the record. *Al Kassar v. United States*, No. 07 CR. 354 JSR, 2014 WL 1378772 (S.D.N.Y. Apr. 8, 2014) *report and recommendation adopted,* No. 07-CR-354 JSR, 2014 WL 3417643 (S.D.N.Y. July 14, 2014), *certificate of appealability denied* (Apr. 1, 2015) *motion for relief from judgment denied*, No. 13-CV-3541 JSR, 2015 WL 1209663 (S.D.N.Y. Mar. 11, 2015).

5. Kassar seeks relief here based on his claims that: (1) the United States failed to establish the trial court's jurisdiction over the acts alleged to have occurred in Spain; (2) his extradition from Spain on June 13, 2008, was illegal; and (3) the trial court never issued a valid order of commitment following his conviction.

6.	It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Kassar acknowledges in his habeas petition that a prior collateral challenge was made and was unsuccessful. He then offers his view as to why the 28 U.S.C. § 2255 action filed in the trial court was inadequate or ineffective to challenge his conviction. This is in paragraph 10(c) of the habeas petition, where he explains that "[t]he issues raised herein have never been raised in any prior proceeding." This is Kassar's rationale for invoking the Savings Clause of 28 U.S.C. § 2255(e).

7.	The § 2255 action Kassar filed in the trial court in May 2013 provided Kassar with all the opportunity the law contemplates. His motion was denied. A certificate of appealability was denied. Despite his dissatisfaction with the outcome, he is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be

considered here because § 2255 is inadequate or ineffective to test the legality of his detention."). This action is also completely aligned with the analysis of Judge Caputo of the Middle District of Pennsylvania:

> The allegations of Mr. Santos' habeas petition do not suggest he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. Clearly this is not a situation where Mr. Santos did not have a prior opportunity to raise the claims presented in his petition. Petitioner filed a motion pursuant to § 2255, raising many of the same claims. He may not file a § 2241 petition simply because he is dissatisfied with the results of his previous § 2255 petition. The remedy afforded under § 2241 is not intended as an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thus, upon careful review, the representations of Felix Santos' present petition are simply insufficient to persuade the Court that 28 U.S.C. § 2255 would be either ineffective or inadequate to test the legality of his detention. Furthermore, Petitioner does not suggest he stands convicted for conduct later deemed to be noncriminal by a change in law allowing him to invoke the "savings clause" of § 2255(e).

*Santos v. United States*, 2010 WL 181744, at *2 (M.D.Pa. Jan. 13, 2010). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J., concurring), *cert. dismissed,* 468 U.S. 1222 (1984)).

8.  A "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 28 U.S.C. § 2255 motion." *Hill v. Werlington*, 695 F.3d 644, 648 (7th Cir. 2012). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

9.  Instead, based on the foregoing explanation, Kassar has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This

is apparent from the face of his petition, together with the history of the conviction he now challenges. His petition for a writ of habeas corpus is **denied**.

10. Kassar's motion to compel [dkt 13] is **denied.** The reason for this ruling is that it has been determined that the Savings Clause of 28 U.S.C. § 2255(e) does not permit the petitioner to proceed with his habeas challenge via 28 U.S.C. § 2241.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 05/22/2015

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MONZER AL KASSAR
61111-054
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808